IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Jacobson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17 C 2639 |
| Stellar Recovery, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, William Jacobson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, William Jacobson ("Jacobson"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt that was actually owed by another person.  Defendant's collection actions continued despite the fact that his the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, had advised Defendant that Mr. Jacobsen was represented by counsel and that

Defendant was calling the wrong person.

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Stellar operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Stellar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Stellar is authorized to conduct business in Illinois, and maintains a registered agent here, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Stellar conducts business in Illinois.

6. Moreover, Defendant Stellar is licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Stellar acts as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Jacobson is an 80-year old senior citizen, who Defendant Stellar called repeatedly his phone number, 941-xxx-xxxx, in an attempt to collect a debt. In response to Defendant's repeated calls, Mr. Jacobson sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant's collection actions.

8. On December, 22, 2016, an assistant to Mr. Jacobson's legal aid attorneys at LASPD called Defendant Stellar and spoke with "Sonia" to find out why

2

Defendant was repeatedly calling Mr. Jacobson's number, and was told by Defendant's debt collector, Sonia, that Stellar was trying to collect a debt from a "Susan Christiansen". Defendant was told that the number they were dialing was the wrong number.

9. Moreover, Mr. Jacobson's legal aid attorneys e-mailed Defendant a letter on December 27, 2016, confirming to Stellar that it is dialing the wrong number and that the calls must stop. A copy of this e-mail is attached as Exhibit C.

10. Nonetheless, Defendant Stellar continued to call Mr. Jacobson, numerous times, even after being advised several times that they were dialing the wrong number, including, but not limited to, telephone calls on December 30, 2016, January 3, 2017, two telephone calls on January 5, 2017, January 11, 2017, January 13, 2017, two telephone calls on January 18, 2017, January 28, 2017 and February 6, 2017, from phone number 954-628-5317.

11. Accordingly, on February 13, 2017, Mr. Jacobson's legal aid attorney had to again inform Defendant Stellar that they represented Mr. Jacobson and that Stellar should cease communications and cease collections and that they have been dialing the wrong number. A copy of this e-mail is attached as Exhibit D.

12. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to stop such phone calls and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that his demand had been

futile and that he did not have the rights Congress had granted him under the FDCPA. Moreover, Defendant's actions caused Plaintiff stress and confusion.

### Violation Of § 1692d Of The FDCPA -- Harassment Or Abuse

14. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, see, 15 U.S.C. § 1692d. Specifically, § 1692d(5) of the FDCPA bars debt collectors from repeatedly "causing a r=telephone to ring".

15. Defendant, by repeatedly calling Plaintiff, even after being twice advised that it was dialing the wrong number, engaged in conduct, the natural consequence of which is to harass, oppress or abuse him, in violation of § 1692d of the FDCPA.

16. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, William Jacobson, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jacobson, and against Defendant Stellar, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, William Jacobson, demands trial by jury.

        William Jacobson,

        By: <u>/s/ David J. Philipps</u>
        One of Plaintiff's Attorneys

Dated: April 6, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com